United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
|  | ) |
| v. | ) |
|  | ) Criminal Case No. 16-20969-CR-Scola |
|  | ) |
| Pedro Luis Ramirez Carvallos, | ) |
| Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Pedro Luis Ramirez Carvallos's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 40.) The Government has responded (ECF No. 41), and the time for the Defendant to file a reply has elapsed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 40**.)

1. **Background**

On August 31, 2021, the Defendant Pedro Luis Ramirez was sentenced to a term of imprisonment of 240 months after pleading guilty to one count of hostage taking in violation of 18 U.S.C. § 1203(a) and one count of discharging a weapon during and in relation to a hostage taking in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (ECF Nos. 21, 22, 33.) The Court sentenced the Defendant to 120 months of imprisonment for each count to run consecutively, for a total of 240 months of imprisonment. (ECF No. 33.) The discharge of a weapon conviction was subject to a mandatory minimum term of imprisonment of 120 months; thus, only the sentence for hostage taking is the subject of this motion. The original offense level was 35 with a criminal history category of I, corresponding to a Sentencing Guidelines range of 168 to 210 months.

Since the Defendant's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." The Defendant now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 120 months in prison for hostage taking, for a total of 240 months in prison.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

First, the Defendant's motion fails because he is a zero-point offender, but the application of Amendment 821 would not lower the 120-month sentence at issue. The Defendant's original Guidelines range was 168 to 210 months of imprisonment. Even with the two-point reduction, his new effective Guidelines range would be 135 to 168 months. Pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up). The exception to this rule for defendants that have provided substantial assistance to the authorities is inapplicable here. U.S.S.G. § 1B1.10(b)(2)(B).

Furthermore, as noted, the retroactive amendment that the Defendant invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*

Ramirez plainly fails to meet Amendment 821's eligibility requirements three, four, and seven—*i.e.*, that he "did not use violence . . . in connection with the offense[,]" "the offense did not result in death or serious bodily injury[,]" and that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense[.]" *See id.*

Among other things, the Defendant's factual proffer establishes that "the Defendant and his co-conspirators jumped out of their vehicle, and pointed guns at E.S.S.'s vehicle . . . . When [E.S.S.'s] husband attempted to escape in their vehicle, the Defendant and others discharged their firearms and wounded E.S.S.'s husband." (ECF No. 22 at 2.) The Defendant is therefore ineligible for relief under Amendment 821.

Because the application of Amendment 821 would not reduce the Defendant's sentence and he is not eligible for relief, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendant's motion for reduction of sentence is **denied**. (**ECF No. 40**.)

**Done and ordered** at Miami, Florida on March 5, 2024.

Robert N. Scola, Jr.
United States District Judge